JON M. SANDS
Federal Public Defender
JANE L. McCLELLAN #015902
Assistant Federal Public Defender
250 North 7th Avenue, Suite 600
Phoenix, Arizona 85007
(602) 382-2700 voice
jane_mcclellan@fd.org
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>David Moreno Quevedo, et al.,<br>Defendant. | No. 2:25-cr-00432-MTL-1<br>**OBJECTIONS TO THE DRAFT PRESENTENCE REPORT**<br>***Defendant Not In Custody*** |

Defendant David Moreno Quevedo, through undersigned counsel, hereby submits the following objections to the Draft Presentence Report ("PSR"). Sentencing is currently scheduled for August 3, 2026.

## I. Objections to Offense Conduct Section of PSR

**Paragraphs 10, 50, 60, 69, 71, and 73:** Defendant denies that he had knowledge that any of the firearms were transferred to Mexico or that he ever made statements to co-defendant Wyatt Michael Fernandez or co-defendant Randy Obed Valenzuela Chinchillas about selling firearms to people in Mexico or transferring firearms to Mexico.

**Paragraphs 11 and 73:** Defendant objects to the conclusion in Paragraphs 11 and 73 that he was responsible for at least 25 rifles purchased on his behalf or on behalf of others in the conspiracy. Specifically, Defendant objects to the inclusion of (1) the six firearms allegedly purchased by unindicted individuals, and (2) the inclusion of one of the firearms allegedly purchased by co-defendant Jorge Luis Roman. *See* PSR at ⁋ 25.

Defendant asserts that the relevant number of firearms for which he should be held responsible for sentencing purposes is 18. Defendant asserts that there is not sufficient evidence to support the inclusion of the six additional firearms from unindicted individuals. Defendant asserts that the evidence indicates that co-defendant Roman only purchased one firearm on October 10, 2023, as indicated in the Indictment, as part of this conspiracy.

**Paragraph 25:** Defendant objects to the inclusion of the second firearm described in that paragraph as relevant conduct wherein it states that Fernandez purchased a firearm and then that Roman purchased the same firearm. This is confusing. The firearm appears to be included based only on a statement by Roman, and therefore it should not be included, because it is not supported by sufficient evidence.

**Paragraph 38:** Defendant objects to the contention that he met with co-defendant Melissa Osorio Talamante to discuss a fictitious story to provide to the agents. He admits that she called him after he was contacted by law enforcement agents, and they talked over the telephone. He did not provide her with a fictitious story to tell the agents, and he did not tell her to lie about what happened.

**Paragraph 59:** Defendant denies that he asked co-defendant Mario Alberto Ayala, Jr., to participate in any drug trafficking activity.

**Paragraph 70:** Defendant denies that he used "crystal."

**II. Objection to Adjustment for Obstruction of Justice**

Defendant objects to Paragraphs 88 and 97 of the PSR regarding the two-level adjustment for obstruction of justice. Defendant admits that Talamante called him after she was contacted by law enforcement agents and before she met with the agents. He denies that he discussed a fictitious story for her to provide to the agents. He did not tell her not to meet with the agents, and he did not threaten her in any way. She met with the agents and eventually admitted to her involvement in the offense. Defendant submits that his conduct did not rise to the level of willful obstruction of justice, and thus he should not receive a two-level increase in his offense level pursuant to U.S.S.G. § 3C1.1. (obstruction

includes threatening, intimidating, or otherwise unlawfully influencing a co-defendant). Defendant did not threaten, intimidate, or unlawfully influence Ms. Talamante, and thus the adjustment should not apply.

**III. Objection to Paragraph 92**

As explained above, Defendant submits that the number of firearms involved in the offense as relevant conduct and for which Defendant should be held responsible is between 8 and 24, and not 25. As such, there should be a 4-level increase pursuant to U.S.S.G. § 2K2.1(b)(1)(C).

**IV. Objections to Paragraphs 93 and 94**

Defendant objects to the specific offense characteristics described in Paragraphs 93 and 94, which are based on an assumption that Mr. Quevedo transferred or sold the firearms to individuals in Mexico. Defendant denies these allegations. Two of the firearms involved in this conspiracy were recovered in Mexico. However, notably, none of the co-defendants specifically admitted to transferring any of the firearms to Mexico when interviewed by law enforcement agents. Several of the co-defendants stated that they "assumed" the guns were going to Mexico or made allegations that Mr. Quevedo made statements about the firearms going to Mexico, which he denies. Defendant submits that this is not sufficient evidence to assess the five-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(C)(i)(III) or the four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(7)(A).

The enhancement at Section (b)(6)(C)(i)(III) requires that Mr. Quevedo transported, sold, or otherwise disposed of, or purchased or received with the intent to transport, sell, or otherwise dispose of the firearms having reason to believe that the firearms would be received by persons who "intended to use or dispose of the firearms unlawfully." U.S.S.G. § 2K2.1(b)(6)(C)(i)(III). Defendant submits that there is not sufficient evidence that the firearms were in fact received by persons who would use them unlawfully. This is an assumption. The PSR seems to be applying this adjustment solely based on the assumption

that the firearms were going to Mexico, and thus they must have been transferred to persons who intended to use them unlawfully.

The adjustment pursuant to U.S.S.G. § 2K2.1(b)(7)(A) is being applied also based on an assumption that the Defendant knew or had reason to believe that the firearms were going to be transported to Mexico (out of the United States). For application of this adjustment, it is not necessary to show that there was reason to believe that the firearms would be used unlawfully in Mexico. However, Defendant denies that he had knowledge or had reason to believe that the firearms would be transported to Mexico.

**V. Conclusion**

For the foregoing reasons, Defendant submits that the offense level should be revised, and that the offense level should be reduced by two levels to reflect that the relevant number of firearms was less than 25; that the sentencing enhancements relating to the transfer to Mexico and for unlawful purposes should not be applied; and that the adjustment for obstruction of justice should not be applied.

Respectfully submitted: June 10, 2026.

JON M. SANDS
Federal Public Defender

*s/Jane L. McClellan*
JANE L. McCLELLAN
Assistant Federal Public Defender
*Attorney for Defendant*

*/ny*